We'll now call case number one one six two three one people of the state of Illinois versus Darren Denson. The party's ready to proceed. Good morning your honors. May it please the court. My name is Christopher McCoy from the Office of the State Appellate Defender and I represent the appellant Darren Denson. The issue presented in this case involves two subparts. The first being whether the issue was preserved for appeal. The second being the actual substantive hearsay argument. Turning first to the forfeiture question. Here the state filed a six-page motion in Lemonade along with over 400 pages of written response objecting to this motion, argued against it at a pretrial hearing, and included it in the post-trial motion. Despite all of this the second district still held that this issue was forfeited because the defense initially raised it in a response to the state's motion in Lemonade as opposed to the defense's own motion in Lemonade. In doing so the second district explicitly disavowed the first district's holding in People v. Maldonado and in our opening brief we discussed this distinction between a party's own motion and a response to the opponent's motion. In its brief the state has conceded that this distinction should not be followed. Instead the state now argues that without a trial objection a motion in Lemonade does not preserve an issue for appeal. Initially this conflicts with this court's holdings in People v. Hudson, People v. Beauclair, and People v. Cox. While the state attempts to say that this court's criminal law precedent is deeply split on this issue, the state does so by citing cases such as People v. Enoch in which there was no motion in Lemonade filed. So in cases such as that where there is no motion in Lemonade then obviously a trial objection is required. However that's not the case that we have before us here. In fact this court in People v. Hudson cited Enoch thus showing that there is no conflict between those two lines of cases. In fact in all criminal law decisions from this court where a motion in Lemonade has been filed and the issue included in the post-trial motion the issue has been held to be preserved. Furthermore there's no reason to depart from this precedent as all of the purposes of the forfeiture rule are satisfied by a motion in Lemonade even without a trial objection. Forfeiture is designed to do several things. First and foremost it gives the trial judge the opportunity to hear the issue and then later to reconsider its decision. Forfeiture also allows the appellate courts to understand the basis of the party's objection as well as Second forfeiture ensures that parties do not sit idly by and sandbag an issue and raise it for the first time on appeal. And lastly forfeiture prevents open-ended appeals. Instead it limits this to issues that were considered important by the parties in the court below. And in this case the motion in Lemonade satisfied all of those purposes. This was an extremely well litigated motion pre-trial. The trial court definitively ruled on it and then reconsidered his decision in in the post-trial hearing. In fact at the post-trial hearing the judge said quote at each juncture as this case was pending these issues arose and the court afforded a great deal of time and argument and case law was presented. I gave it a great deal of thought at each and every motion hearing as I have considered what you have said today. In fact the state in its brief says that this was a this issue was fully and fairly litigated in the motion in Lemonade hearing. Finally this was not a case where the defense was sitting idly by. As I said earlier the defense objected three times in the trial court to this particular evidence and it was surprised that this is an issue as it was as they were the party that initially brought brought this issue to the forefront. So with the motion in Lemonade we have all the purposes of the forfeiture rule are satisfied even without a objection during trial. Additionally motions in Lemonade provide several advantages such that this court has held that they should be encouraged in criminal cases. The first such advantage is that they leave motions in Lemonade lead to better reasoned arguments and decisions. When you have a motion in Lemonade you have a written argument and an oral argument as opposed to just a trial objection where you only have the oral argument. Additionally at the trial when you have a trial objection the jury is either sitting in the same room waiting for the trial to continue or in the next room and the time factor starts weighing in whereas opposed with the motion in Lemonade the trial judge can take time take a day or two to read through the case law consider the facts and make a decision in due course. Mr. McCoy the state urges the objection in addition to the motion in Lemonade as a matter of simplicity do it in every case and you know what you have to do. Is it would your position be different that it's never not necessary if a trial judge ruling was premised on some assumed facts which counsel says or may come into evidence and then doesn't come in? Yes in that case you would need a trial objection if the evidence had if the evidence presented at trial was different than what the parties anticipated before trial but certainly that's that's not the case we have here the state has pointed to nothing different that has that has changed here in fact. So you're not advocating a rule that says you never have to object? No no and yes in here when when the facts don't change the entire impetus of the trial objection we sort basically asking the trial judge to reconsider just to change his mind for no reason at all because it's it's the same evidence that was considered before trial. You are are you also saying that a motion in Lemonade is is not always sufficient to preserve it for appeal? Is that what I the facts of the case if if the ruling is definitive from the trial judge in the the evidence that was the parties anticipated pre-trial was the evidence presented at trial then in that case the motion in Lemonade would preserve the issue. If if the evidence changed in some way then the attorney would need to to object again or or else all that would be preserved would be what was litigated pre-trial. It seems part of the state's argument also was that if you have this change in circumstances and no objections made a trial attorney could let that objection go as a basis or fail to make an objection and perhaps give a Well first of all I I don't believe that's a concern in this case because here again the evidence simply didn't change that's the the same facts that were presented pre-trial so it's it's it's not the case where this is this is not a case of sandbagging here. So what is the rule that you want us to promulgate? The rule would be the same rule that this court has held in in if there's a motion in Lemonade and that it is also included in the post-trial motion that that preserves the issue for appeal. Obviously each case is going to have to look at whether or not that was the same issue but that's I mean that's the same as true in every case even if it's a trial objection. So just basically our our position was that this court should continue to follow that it's established precedent in criminal law cases. So it makes would make no difference whether it's the state's motion in Lemonade or the defense motion in Lemonade? Exactly exactly and if you look really all that would change between the two would be that the title of the motion the contents of the actual written motion and the pre-trial hearing would be the same. There's taking this case an no difference if the defense had title is motion defense motion in Lemonade versus response to state's motion in Lemonade. Another major advantage of motions in Lemonade is that they do save time and expedite trials. In fact that is the reason the state in this case wanted to limit to rule litigate this issue pre-trial. As the assistant state's attorney said with a jury trial here I wanted to make sure that this was all out there beforehand and that when we tried to get in one of those co-conspirator statements there wasn't an objection and we had to send the jury out for an hour while we argued this. So obviously motions in Lemonade as the state recognizes in the trial court here are not just for criminal defendants they're advantageous for all parties involved. And this advantage would be lost if the parties were required to object again at trial again essentially asking hoping that the judge will change his mind for no reason at all when there's been no no change in the evidence presented. And this this is consistent with the current trend in the to go away from antiquated overly harsh pleading requirements as well as the public policy of the state which is to litigate issues on the merits rather than dismissing them on purely procedural grounds especially as here that all the purposes of the forfeiture rule have have been satisfied. Unless there are other questions on the forfeiture question turning to the merits the court here improperly admitted three hearsay statements. The first was Melanie Banner who was not part of the conspiracy a third party testified as to what her sister Kenita Bell who was one of the code defendants told her about the plan for the crime before it occurred. Second Bell testified as to what Giles and Robinson the two other co-defendants told her their description of what happened at the crime scene. And third Stacey Daniels was allowed to testify to a prior consistent statement. So taking those one at a time first Banner's testimony as to what Bell told her the appellate court held that this was improperly admitted as a co-conspirator statement because it did not further the conspiracy but was mere narrative. The state now argues that through this statement it that it did further the conspiracy because Bell was encouraging Banner to remain silent. Again it's important to remember though that that Banner was a third party. The the other conspirators did not expect her to join in the conspiracy they were not hoping to join have her join in the Banner's actual testimony regarding what Bell said. Bell never asked her to remain silent never told her told her that she shouldn't tell what she'd heard. In fact there was no reason to ask her to keep silent because at the time Bell made these statements she did not know that the other conspirators would come over to Banner's apartment and thus she did not know that Banner would know it have any knowledge of this conspiracy. And it is for these reasons that this statement simply did not further the purposes of the conspiracy. Second regarding Bell's testimony as to what Giles and Robinson told her about the crime scene this again did not further the conspiracy because it was simply again mere narrative. At this stage all that was left in the conspiracy was the concealment phase and Bell's sole role in that concealment phase was to drive Giles and Robinson from this rendezvous location where she met them to originally they were going to drive to Bell's apartment later they decided to drive to Banner's apartment. And as a result giving Bell a blow-by-blow description of the murder scene did not help her become a better getaway driver. Didn't help her any more successfully navigate the streets than if she didn't know this information. The appellate courts emphasizes the fact that this information told Bell that the crime had changed from armed robbery to murder. However, Bell already knew that she already knew that the victim had been killed and even even if not even if this was still simply an armed robbery she would want to get away you'd want to not be apprehended and this would not change how she was driving in any way and it's for these reasons that this statement also does not further the conspiracy. As an alternative basis the state contends that this was an excited utterance. However, there's no evidence that Giles or Robinson when at the time they made these statements were yelling that they were upset, emotional, injured. Obviously they had seen a traumatic event that evening but this is not the case where the the statement was the first words that they came that they said after they ran out of the house or after it's not as if they left the apartment screaming Juggins is dead. Instead there had been a passage of time and during that passage of time they were already thinking back through the situation. Robinson had told the others how he dropped the clip from the gun and that he picked up his shell casing. Giles had decided to take the weapons to collect them and to wash excuse me to wash them off for the fingerprints. So these two were not overcome by emotion at the time they made these statements to Bell. They had been piecing together in their mind what had occurred and so they had a capacity for critical thinking and as a result capacity for fabrication. So we don't have the reliability we want from a exception to the hearsay rule and as a result it should not be admitted on this basis as well. The final improperly admitted hearsay statement was Stacey Daniels who was the victim's girlfriend her prior consistent statement. This was inadmissible because there is no allegation of recent fabrication or a in the appellate court the state conceded that this this statement was improperly admitted. Now they reverse course and say that it was admissible. However you know we're talking a lot about forfeiture today. This argument by the state was forfeited. They adopted a contrary position to the one they adopted in the appellate court. But even if not this this statement was not admissible on the basis the appellate court held which was the curative admissibility doctrine. What occurred here was defense counsel asked Daniels about a prior inconsistent statement. He then asked her whether her memory was better at the time of the event or when she was testifying at trial. Notably he never said that the inconsistent statement was made right after the incident. In fact earlier in his questioning he told he explicitly stated that when this the date of when this prior inconsistent statement was made. Even if there was some implied inconsistency or something to that extent this could have been cured by simply asking when the prior inconsistent statement was made without going into when the anything about the prior consistent statement. And in fact if you look at the evidence at trial the prior inconsistent statement was made but then he went one step further which was impermissible and asked about this prior consistent statement. And it so therefore this as well was inadmissible. Finally the admission of these hearsay statements was reversible error. Normally you're looking at the effect of withholding statements from trial it's normally a hypothetical inquiry. But here we have a real solid example and that's Mr. Denson's first trial in which none of these three statements were admitted in and the the jury was hung. They they could not reach a verdict. In fact there's evidence from defense counsel that the jury was hung 11 to 1 in favor of not guilty. So that gives us a real example that when this evidence was not introduced the state could not convict my client. And the real problem with this evidence is that it basically turned one testifying co-conspirator into three. Camouflaging some of the problems with the state's evidence at trial. And unless there are any further questions for these reasons Mr. Denson would ask that this court hold that the issue was preserved for appeal and ultimately reverses conviction and remand for new trial. Thank you. May it please the court counsel. My name is Leah Bendick from the Illinois Attorney General's Office on behalf of the people of the state of Illinois. This court should reverse that or excuse me should affirm the judgment of the appellate court and hold that in order to preserve an issue for appeal parties must object at trial in every criminal case no matter what. And as to this particular case hold that there was no reversible error in the admission of three co-conspirator statements and a prior consistent statement. So turning then first to the preservation of issues on appeal. The parties here are offering two different rules for this court's consideration. Defendant suggests that if an issue is included in a post trial motion and it is the subject of either in limine litigation or a contemporaneous trial objection it should be deemed preserved. Whereas the state advocates that the established civil rule be extended to criminal cases by requiring a trial objection in every case. I'd like to start with the fact that defendant emphasizes three cases from this court Cox, Hudson, and Beauclair which found preserved issues that were included only in a motion in limine and a post trial motion but not a trial objection. The state in response has offered four cases from this court. It is true it is accurate that none of these address the particular issue here so the supportive language is mere dicta but it is also notable that in the stare decisis realm what this court says is that when there are issues that are deliberately considered by this court they should be considered closed unless there is good cause for reconsideration. What is notable if this court looks at these three cases is that these questions were not deliberately considered. In Cox specifically yes this court said the issue was preserved but there was no analysis of the issue and there is a citation to People versus Enoch. Now People versus Enoch as my opponent acknowledged did not involve a motion in limine and if anything its language yes dicta was supportive of the state's position. So it is not a citation that supported the holding in Cox. Hudson has the holding but no analysis or reasoning and cites to Beauclair. Beauclair has the holding no analysis and has no citation whatsoever. So it's really not fair to say that these three cases deliberately examined the issue here and so under stare decisis that should be no barrier to this court considering and adopting the state's position. Yes technically they would have to be overruled but this is the moment where it's been fully briefed the policy issues have been aired and this court should examine what is the better rule for practitioners throughout the state. Ms. Bennett, the appellate court in holding that a contemporary and a subjection is required they cited Simmons right? Yes that's correct. Simmons is a civil case. That's correct. And I ask you that because if you trace back the authority that Simmons cite you pretty quickly get to this court's decision in Highway Authority versus Heritage Standard in 1994 case and you didn't cite Heritage Standard in your brief so let me read to you a brief excerpt from that. It says in civil cases such as this the law is well established that the denial of emotional limine does not preserve an objection to disputed evidence later introduced at trial. The moving party remains obligated to object contemporaneously when the evidence is offered at trial. And that little quote starts with in civil cases such as this. Doesn't that language suggest that there is one rule for civil cases and another rule for criminal cases? Well I acknowledge yes that civil cases have the rule and that yes I acknowledge that these three cases from this court that are the criminal cases have defendant suggested rule. All the state is suggesting is that because the criminal cases from this court with that holding do not contain the reasoning or analysis of what the rule should be that this is the appropriate time for this court to do so. So yes it would be it would be this court's in effect first chance to really consider what the criminal. Right because there isn't even one criminal case involving an issue that was raised and decided an emotional limine where this court required a contemporaneous objection. That's correct. It is true though that there's holding on both sides of the issue in the appellate court of Illinois and it is true to nationwide that it's a matter that divides jurisdictions and I offer that just for the point that there are policy reasons on both sides of this. So yes it is true that this court has never had a holding in line with the state's suggested position but again the three cases defendant sites don't explain. Can I ask this what is the substantive difference between the issue raised and the defendants own motion in the mini? In this particular case? Yes yes what is the substantive difference between? There actually wasn't I would agree that there is no substantive difference here because the evidence did develop as expected and as litigated pretrial but defendant himself acknowledged that there are cases where the evidence could develop differently and so if we're talking about what the rule should be in all cases this court should consider not only the facts of this case but the fact that in some instances there might be a motion in limine that is either too cursory to really fairly present the issue to the trial court in the pretrial stage or there might be instances where the evidence does differ say for example on slightly different facts in our case that it was a co-conspirator statement situation but the witness that was supposed to establish the timing of the conspiracy did not testify at trial in the end even though it was expected pretrial then that element of was the conspiracy ongoing at the time of the statement made maybe that evidence wouldn't be there at trial and so that does have the sort of sandbagging aspect that is the basis of forfeiture rules that yes the parties can say this is what we expect is going to happen at trial it can be fully litigated in the pretrial setting but if that evidence actually develops differently at trial there is an important reason to have that contemporaneous trial objection to make sure that the judge can either turn to the party and say wait a minute you're missing one step here but even so motions and liminese are not set in stone trial judge could do that exactly that is true but actually that is consistent with the state's position because it is well established that since in limiting rulings are interlocutory the trial judge at the time of trial can reconsider for no reason at all even if the evidence is consistent it might be just finally hearing the witnesses in person testify as opposed to reading the transcripts of deposition for example might make the trial judge want to reconsider that ruling because of the credibility determination the defendant object to the statements prior to trial yes but that is why now defendant we agree with defendant also that there is a good reason to have these issues litigated pretrial thoroughly there is an important there's something to be said for not interrupting trials for these complex evidentiary questions we are not saying that that substantive litigation should be shifted to the trial stage all we're saying is that yes continue to have motions and limiting continue to litigate them thoroughly pretrial but at  here's the moment did the evidence actually show what you expected and it can be made in a sidebar if the defense counsel is concerned about here not appearing obstructionist before the jury and it would not cause a significant disruption it would be only a moment rather than fully litigating the issue in the way that it happened pretrial here and so even though defendant attempts to explain that the rule he advocates as being a motion in limine and a post trial motion is sufficient his answers to your honors questions show that it's actually more complicated there's a couple buts to his rule it is that is the rule unless the evidence substantively changes or unless the motion in limine doesn't thoroughly fully fairly present the issue at trial that that is really the the rule he is advocating and that is why states rule in contrast is much easier to both follow for litigants and to apply for lower courts but again you're there's some buts and ifs in your position as well because for example there's a heavily litigated to motion eliminate and the evidence does not change and then the defendant is denied his right to have it appeal on the merits I mean so you know it cuts both ways there's sometimes where the world were rule as you propose works and when it doesn't and vice versa for the defendant well actually unless I misunderstand I would happens we trailer post trial you have to object the trial to preserve it period even if there's been no change in the evidence yeah even though it's been heavily litigated and the trial judge is never gonna change yes and and that is because it is already well established that because those in limine rulings are interlocutory even if there is no change in the evidence the trial judge is authorized to change the ruling so it would merely take a moment and say judge remember what we litigated pretrial here's where the evidence is coming in I object and that is and that is useful because the trial judge can take the moment to say okay yes I'm keeping my ruling as it as I made pretrial and it would not cause significant disruption and because you would the parties know I have to object in every case even though it would require an additional step compared to defendants rule in some cases it would actually lead to less forfeitures because there would not be these gray areas about did the motion limine fully and fairly present the issue did the evidence change enough so that yes I should object in that kind of rule there is room for even a well-meaning litigant to disagree with or to take one step and for the reviewing court later on to disagree and that is why there could be more forfeitures under defendants proposed rule compared to the state's rule and furthermore because of the fact that it is the rule in civil cases that shows how it'd be all the more simple doesn't matter if you have a civil case it doesn't matter if you have a criminal case it doesn't matter if there is in limiting litigation you simply must object that there could be no simpler rule to apply for litigants and finally it is important to note that counsel admitted that if something came out at trial that was different than the substance of the motion eliminate anticipated testimony at the motion eliminate there would be a he would have to object yes right so your argument that there would be less forfeiture to me it's it's gonna it's apples and oranges isn't it I mean you have the substance of the motion eliminate it's been litigated you know as justice Tice indicated to have to object to that is a issue isn't it then all of a sudden the testimony goes beyond the parameters of the motion well actually I would say that it's sort of a spectrum initially to a certain extent it would only be an objection to preserve the difference between what happened pretrial and what actually happened at trial but there must be a certain point where a line is crossed that the evidence is so substantively different that it cannot be said that that what the trial judge considered pretrial is even the same issue as what actually happened at trial and that's where there's the room for confusion exactly where that line is and so even a non sandbagging well-intentioned attorney could think he hasn't crossed that line and think he doesn't need to make a trial objection but the reviewing court could disagree later on and that is why there is room for forfeiture and so right but if the defense counsel doesn't understand he's not going to make that objection anyway I mean if if if the motion in limine is litigated and he thinks that it falls within the substance of the motion the most he's going to say at trial anyway is objection judge motion we're renewing our response to the motion eliminate we're renewing our objection and what I'm saying is if that testimony was substantially different than the agrees that he would have to object to preserve it that's true but that's why his rule is more complicated than the state's rule because you'd have to figure out when is that substantive situation triggered and when is it close enough that it already was litigated right so are you saying then if it was beyond the parameters of the motion eliminate it would be a sufficient objection for defense counsel to get up and say your honor motion and limiting that's not a sufficient objection he would have to go further and he had and he admits that if he understands it to be out he would have to make the objection but it sounds like what you're saying is blanket rule you have a motion eliminate get up and object isn't it the basis of his objection that's going to be important in that instance and couldn't he still be subject to say that making the objection that the bottom line is is the admissibility of the evidence you know to say I object this evidence is inadmissible yes we litigated a pretrial or well it would be an objection based on hearsay I mean it still would be an objection based on hearsay either way and my point is more that the fact that he acknowledges that in some instances there would be the need to make that trial objection that is where well-meaning attorney might not realize that and might miss that opportunity and so the only chance for the trial judge to make that substantive ruling would be post trial when the jury's gone I mean really the the reasoning behind forfeiture rules is to make sure there is a good chance for the trial judge to fix the problem so there is no reversible error later on and so certainly him standing up and saying objection will increase the likelihood that the court takes a moment to pretrial ruling to make sure that the the ruling is accurate and to make sure that the evidence is admissible after all making that objection will make will reduce that reversible error rather than no objection whatsoever because if there's no objection whatsoever then really the trial judge only has that chance post trial or perhaps on appeal to make that you both use the term interlocutory ruling exactly what does that mean does that mean it's not a final ruling or it isn't a ruling or is it an appealable ruling well I guess what I I can speak for what I meant by that what I meant by that term is that the parties that it's subject to reconsideration so that the parties should not be able to say judge I relied on your prior ruling you can't change course at trial that would be incorrect because that in limine ruling is subject to reconsideration at the time of trial so I guess I'm not saying it's a final judgment per se it's just that it's subject to reconsideration and so it's it's notable to that opposing counsel in both his opening brief and his reply brief does not ask this court to review the three co-conspirator statements under plain air review in other words he does not he says that it's preserved but he does not make the alternative argument that in case this court finds that it was forfeited that it should be reviewed for plain air review so if this court adopts the state's position and applies it to him that is the end of the inquiry with regard to those three statements and so then turning to the evidentiary question if there are no further questions on the preservation issue all four of these statements and I use the term for because I'm talking about a statement by Giles a statement by Robinson a statement by Bell and a statement by Daniels as to those first three co-conspirator statements the two statements by Giles and Robinson were not erroneously admitted under the co-conspirator rule all that must be shown by the prosecution is that there was a conspiracy that the statements were made during the course of the conspiracy and defendant acknowledges that only that last part is potentially in dispute whether it was in for the conspiracy and certainly at Bell was an active participant in the conspiracy when she heard the statement by Giles and Robinson she was literally at the time driving them away from the area of the crime scene certainly under People v. Parmley their statements describing what happened were meant to impress upon her the seriousness of the situation which is a factor to show that they weren't mere narrative recitations of what happened but it was to encourage her to help them get away from the scene and get rid of the evidence. As to Bell's statement to Banner the people acknowledge it's a closer question but it's important to remember that this is a preponderance standard that the prosecution must meet and on review that it is an abuse of discretion standard so in the appellate court in reversing did not give appropriate deference to the trial courts reasonable inference that at the time Bell made the statement to Banner she realized that Banner had been overhearing these conversations that Bell was having with Giles and trying to the robbery and that she was hoping that she would not talk to the police if that opportunity arose the fact that she herself was not a matter a member of the conspiracy is not a factor under the case law. As to the prior consistent statement the appellate court correctly applied the curative admissibility doctrine as to the fact that the state below conceded and now is instead adopting the position of the appellate court it's important to note this is not a situation where the state threw out argument A in support of a position it was rejected and then on appeal for the first time is throwing out argument B all we're doing here is agreeing with the appellate court's judgment and certainly this court should review the appellate court's reasoning here and is not bound by forfeiture. So in other words none of these four statements were were erroneously admitted the curative admissibility doctrine was reasonably applied by the appellate court and in the alternative either under plain error or harmless error if there's no error that's the end of it but under either of those because of the overwhelming evidence of guilt there is no reversible error this is that detail that pages 40 through 43 of the people's brief and I see I'm short on time so I'd merely point the court to that recitation of the overwhelming evidence of guilt but it is noticeable that Giles's in numerous respects by Daniels's testimony Bell's testimony and as well by the as many components of the physical evidence that was discovered at the scene accordingly because of this overwhelming evidence of guilt there was no reversible error and if this court has no further questions just on the four versus three statements where you look at it as four versus right can you just go into that yes sorry I think he refers to both Giles and Robinson statements as one statement and I have been referring to it as two statements they are made at one time though so that is the discrepancy so we would ask the appellate court the judgment be affirmed thank you thank you going let me ask you why should there be one rule in civil cases in a different role in criminal cases well this court has recognized a historical distinction between civil cases and criminal cases and I believe the case that was said before Illinois State Toll Highway Authority versus Heritage Standard rank does recognize that difference between civil cases and criminal cases and the state has offered no reason why this historical distinction should be changed additionally would when you do have criminal cases obviously there's a major liberty interest at stake here we have the most serious crime under the law and currently our most serious punishment punishment under the law life imprisonment and so in that case and along with the Illinois public policy of deciding issues on the merits it it should you know a rule should be adopted that does help that does see issues decided more on the merits than just dismissed on procedural grounds and to respond to the state's point that our argument is overly complex in every case no matter if it's an issues decided litigated through a motion in lemonade or through a trial objection in any case a lot depends on the individual facts of the specific case so take take a hypothetical case where you do have a trial objection on appeal the courts will still look if the objection was the same argument that was raised in the trial court if it was subjection to the same evidence that's raised on the trial court so in every case there's going to be factual questions that need to be addressed and simply put the issue and and the rules should be whether or not the actual issue was litigated by the parties and decided by the court below and as the state acknowledges that's what we have in this case and in fact in their brief the state says that this issue was fully and fairly litigated through the motion in lemonade so if if we're not as as the state says shifting the formal litigation from pretrial to trial then all all that we have a trial is simply objection hearsay those two words and that's merely a pro forma exercise that again doesn't go to the actual purposes of the forfeiture rule next on on the state's point that this whether this court has ever addressed substantively the motion in lemonade there there is the line of cases regarding a defendant's prior convictions I believe it's people be Patrick from this court in which defendant if the trial judge allows pretrial allows the defendants convictions to come in as impeachment defense counsel can front those objections or issues me front those convictions not object to that at trial and that's still been heard held to be on the merits the regarding the different number of co-conspirator statements I think the difference is I'm looking at it from the perspective of who's testifying to it I'm looking at Banner's testimony as what Bell said and then Bell's testimony as to what Giles and Robinson said so the difference they're dividing Bell's testimony into two subparts but in any case the state argues that Bell's that Giles and Robinson were telling Bell the serious these details to impress upon her the seriousness of the situation and to ensure her cooperation however she was already helping them she'd been helping them throughout the night at the time she's make they make these statements she is already driving them driving them away from the scene there is never any indication that she was going to go back on this that she was she was gonna with to draw her help from this situation and thus these statements did not further the conspiracy in that regard finally as to whether or not this was harmless error the state said that Giles this testimony was corroborated by numerous factors however it was also contradicted by numerous factors Giles was contradicted by Stacey Daniels he was contradicted by Kenita Bell who's not interdicted by the autopsy evidence that the state presented so there was significant problems with the state's evidence and as seen from the first trial in this case it was conceivable the jury could would not convict my client unless there are further questions we again would ask that this courts reverse mr. Denson's conviction and remain for neutral thank you base number one one six two three one people of the state of Illinois versus Darren Benson will be taken under advisement as agenda number three McCoy spending thank you for your arguments today you're excused